UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERMAINE ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13467** |
| **HMS FERRIES, INC.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant HMS Ferries, Inc.'s Motion for Summary Judgment (Doc. 11). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Germaine Anderson alleges that he was injured when he got his foot stuck in a net and fell on the deck of the M/V Jean Ribault, a vessel owned and operated by Defendant HMS Ferries, Inc. Plaintiff brings claims of Jones Act negligence, unseaworthiness, and maintenance and cure. In the instant Motion for Summary Judgment, Defendant argues that Plaintiff's claims should be dismissed because (1) Plaintiff cannot show that the net created an unsafe or unseaworthy condition, (2) Plaintiff's own negligence caused the

1

injury, and (3) Defendant had no duty to warn Plaintiff of the open and obvious danger. Plaintiff opposes.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant argues that Plaintiff cannot succeed on his claims for Jones Act negligence or unseaworthiness because the hazard that caused his injury was open and obvious and his own negligence was the sole cause of the accident. The Jones Act creates a cause of action for negligence when a seaman is injured in the course of his employment.[9] "An employer is liable under the Jones Act if the negligence of its employees played any part, even the slightest in causing the injury or death for which damages are sought."[10] To recover for Jones Act negligence, "a seaman must prove that the employer breached its duty of care; ordinary prudence under the circumstances is the standard for the duty of care owed by an employer to a seaman."[11] An employer has a duty to warn his employees of dangers not reasonably known but need not warn of

---

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] Atl. Sounding Co. v. Townsend, 557 U.S. 404, 416 (2009).
[10] Stowe v. Moran Towing Corp., 995 F. Supp. 2d 570, 575 (E.D. La. 2014)
[11] *Id.*

dangers that are "open and obvious."[12] Further, "[a] shipowner has an absolute nondelegable duty to provide a seaworthy vessel."[13] "To recover under an unseaworthiness theory, 'the injured seaman must prove that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used.'"[14]

The facts of Plaintiff's injury, as told by Defendant, are as follows: Plaintiff was working as a deckhand aboard the M/V Jean Ribault, which is a vehicle and passenger ferry. A net is used to secure the bow entrance to the vessel after all vehicles and pedestrians have boarded the ferry. The net is fully extended across the bow while the ferry is in motion. Once the ferry is docked, the net is stored off to one side of the entryway to keep it "off the deck of the vessel and out of the way of incoming and exiting pedestrians and vehicles."[15] On the day of the accident, the net was draped over a railing on the side of the bow entrance. Plaintiff was working in an area of the mooring that could be accessed by an open passageway on one side and by stepping over the railing (on which the net was draped) on the other side. Upon finishing his task, Plaintiff chose to step over the railing and the net, his foot got caught in the net, and he fell and injured his elbow. Plaintiff did not ask for the assistance of a nearby coworker, Frank Rivera, in attempting to step over the net.

In response, Plaintiff puts forth evidence establishing several additional facts: Plaintiff had only been working as a deckhand for two months at the time

---

[12] Patterson v. Allseas USA, Inc., 137 F. App'x 633, 637 (5th Cir. 2005).
[13] Jones v. United States, 326 F. Supp. 3d 262, 270 (E.D. La. 2018) (quoting Brister v. A.W.I., Inc., 946 F.2d 350, 355 (5th Cir. 1991)).
[14] *Id.* (quoting Jackson v. OMI Corp., 245 F.3d 525, 527 (5th Cir. 2001)).
[15] Doc. 11.

of the accident. The task he was performing just before he was injured—sweeping the deck—was not a task to which he was typically assigned. Rivera, his supervisor, was painting the mooring area and asked Plaintiff to sweep nearby to prevent dust from getting in the wet paint. The mooring area where Rivera was painting was located behind the railing. The area that Plaintiff was asked to sweep was also behind the railing. At the time that Plaintiff was asked to sweep, the open passageway to get behind the railing was blocked by Rivera painting. Plaintiff initially attempted to sweep through the railing, but Rivera told him he needed to step over the railing to sweep the area. Plaintiff testified that he did not notice the net as he stepped over the railing as instructed by Rivera. Plaintiff, Rivera, and the vessel's captain Christopher Cavanaugh each testified that the crew was trained to store the net by hanging it on a hook.[16] However, at the time of his accident, the net was not hanging on the hook, but rather, was draped across the railing in front of the mooring area. Plaintiff, Rivera, and Cavanaugh each testified that the net was often improperly stored in this way.

    Plaintiff has presented ample evidence to create a material issue of fact precluding summary judgment. A jury could reasonably find that Defendant was negligent in improperly storing the net over the railing or when its crewmember ordered Plaintiff to step over the railing and net to sweep. Further, Plaintiff's statement that he did not notice the net when he was

---

[16] Plaintiff also presents expert testimony that even this storage method presents an unsafe tripping hazard. However, this Court need not consider this expert opinion, or Defendant's arguments that the unsworn expert report should not be considered, because Plaintiff presents ample other evidence creating material issues of fact.

stepping over the railing precludes a finding that the hazard was open and obvious.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is DENIED.

New Orleans, Louisiana this 23rd day of July, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**